**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| IN RE: MICHAEL PETRILLO and CHRISTINA PETRILLO, | : : : : | BK No. 19-01013 Chapter 7 |
| DEBTORS. | : : | |
| STEPHEN AMITRANO, | : : : | AP No. 19-01012 and AP No. 19-01013 |
| PLAINTIFF | : : | |
| v. | : : | |
| MICHAEL PETRILLO, | : : | |
| DEBTOR/DEFENDANT | : | |

**DEFENDANT'S OBJECTION TO THE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

NOW COMES the Defendant/Debtor, Michael Petrillo (hereinafter referred to as the "Defendant"), by and through his attorneys, and hereby requests that this Honorable Court deny the Plaintiff's Motion for Summary Judgement as the Plaintiff, Stephen Amitrano, (hereinafter the "Plaintiff"), has failed to direct this Court to any appropriate, persuasive or controlling legal authority. The Plaintiff has failed to meet his burden under the Federal Rules of Civil Procedure Rule 56. As grounds therefore the Defendant states as follows:

Summary judgment is governed under Federal Rule of Bankruptcy Procedure 7056, which incorporates Federal Rule of Civil Procedure 56. *Hannon v. ABCD Holdings, LLC (In re Hannon)*, 839 F.3d 63, 69 (1st Cir. 2016) (citing *Desmond v. Varrasso (In re Varrasso)*, 37 F.3d 760, 762 (1st Cir. 1994)). Rule 56(a) provides that the court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." To avoid summary judgment, the non-movant "must

1

establish the existence of at least one question of fact that is both genuine and material." *In re Varrasso*, 37 F.3d at 762. The "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). "The inquiry performed is the threshold inquiry of determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Id.* at 250, see also *In re Topalian*, No. AP 16-01030, 2018 WL 2317808, at *2 (Bankr. D.R.I. May 7, 2018). In the matter before the court the Motion of the Plainitff is not properly supported. *Anderson, supra.*

The Plaintiff's memorandum of law is comprised of speculation and unfounded inferences. Essentially he writes that he made a loan the debtor did not re-pay. He then makes references to money and dollars expended but they make no logical sense that the defendant can understand. The Plaintiff has not provided any affidavits, sworn testimony, admissions, or facts that would be deemed admissible evidence at the time of trial. Nor has the Plaintiff identified any legal authority substantiating a basis upon which the court can identify undisputed facts from which it may then make findings based upon the law. The Plaintiff has wholly failed to satisfy the high burden required at the Summary Judgement stage and it is not the Defendant's obligation or burden to identify facts, find facts or identify law upon which the Plaintiff can rely. The moving party has the burden, and no facts were presented or applied to the applicable legal authority. The Defendant is at a loss on how to best respond to the Plaintiff's seemingly random assortment of speculation not substantiated by any documentation, testimony, affidavit or evidence. Further the Plaintiff's exhibits, specifically "Exhibit 1" and "Exhibit 2" fail to offer

any evidentiary support as he leaves the Defendant as well as this Court to assume their origin and what they mean. The Motion wholly fails to comply with the law, has no statement of undisputed facts, no supporting evidence of the claimed undisputed statement of facts and cites no law which would permit the granting of a Section 523 or 727 claim objecting to a discharge.

Further, the Plaintiff's reliance on Rhode Island state law in his Memorandum in Support Plaintiff's Motion for Summary Judgment [1] is misplaced. In the Plaintiff's Verified Complaints (Docket Entry 1) the Plaintiff identifies 11 U.S.C. § 523(a) and 11 U.S.C. § 727(a) as grounds to object to the Defendant's discharge, which both are rooted in allegations of fraud. In order to establish a claim under 523(a)(2) it is the Plaintiff's burden at trial to present undisputed evidence that the defendant committed actual fraud in order to obtain a loan. There is no evidence before the court in the Plaintiff's Motion showing any misrepresentation, any justifiable reliance, any element of scienter, no evidence of a false pretense and no evidence of any kind on this cause of action.

The First Circuit has instructed that 11 U.S.C. § 523(a)(2)(A) "incorporate[s] the 'general common law of torts,' i.e., the 'dominant consensus of common-law jurisdictions, rather than the law of any particular State.'" *Palmacci v. Umpierrez*, 121 F.3d 781, 786 n.2 (1st Cir. 1997)(quoting *Field v. Mans*, 516 U.S. 59, 69 & n.9 (1995)); see also *In re Woodford*, 403 B.R. 177, 188 (Bankr. D. Mass. 2009) ("[T]he determination of nondischargeability under § 523(a)(2)(A) is a question of federal, not state law."), aff'd, 418 B.R. 644 (B.A.P. 1st Cir. 2009). The bankruptcy title of the United States Code provides that a debt is non-dischargeable to the extent it is obtained by "false pretenses, a false representation, or actual fraud." 11 U.S.C. § 523(a)(2)(A). In order to be successful on this claim, the moving party would have to show (1)

---

[1] It should be noted that the Plaintiff did not file a Motion for Summary Judgment with this Court, only a Memorandum in Support of the Plaintiff's presumed imaginary Motion for Summary Judgement.

that the non-moving party made "a false representation" (2) "with fraudulent intent, i.e., with 'scienter,'" (3) intending "to induce [non-moving party] to rely on the misrepresentation," and (4) that the misrepresentation did "induce reliance," (5) which was "justifiable" and (6) caused damage or pecuniary loss. *Palmacci v. Umpierrez*, 121 F.3d 781, 786 (1st Cir. 1997). This basis of nondischargeability sounds in fraud and therefore must be pleaded with particularity. Fed.R.Civ.P. 9(b) (in alleging fraud, a party must state with particularity the circumstances constituting fraud), made applicable by Fed. R. Bankr.P. 7009. *In re Zutrau*, 482 B.R. 704 (Bkrtcy.D.Mass. 2012). None of the necessary facts are even presented to the court to apply them to this law.

Likewise the Plaintiff's attempt to seek summary judgment on the Section 727 claim must also fail. A court must liberally construe discharge exceptions in favor of the debtor and strictly against the objecting party in order to preserve the "fresh start" goal of bankruptcy relief. See *In re Burgess*, 955 F.2d 134 (1st Cir. 1992). To prevail on a § 727(a)(2) claim, the Plaintiffs must demonstrate by a preponderance of the evidence that the Debtor (1) transferred, removed, destroyed or concealed (2) his property (within the one year period before the petition date) or property of the estate (after the filing of the petition) (3) with the actual intent to hinder, delay, or defraud a creditor. See *Razzaboni v. Schifano* (*In re Schifano*), 378 F.3d 60, 66-67 (1st Cir. 2004). See also *In re Bartel, 05-13134-JBR.*

Based upon the foregoing, and most importantly the fact that there Plaintiff has failed to produce either substantively or in a procedurally proper manner any undisputed facts which would be admissible at the time of trial, failed to produce any evidence which this court can properly consider and failed to apply anything relevant to the law the court must consider under Sections 523 or 727, the Plaintiff's Motion for Summary Judgment must be denied.

WHEREFORE, the Plaintiff has not met his burden under Fed. R. Civ. P. 56(a), and his Memorandum of Law in Support of his Motion for Summary Judgment should be denied.

Defendant/Debtor,
Michael Petrillo, by and through
His Attorneys,

/s/ Jaclyn A. Cotter, Esq.
Vincent A. Indeglia, Esq. (#4140)
Jaclyn A. Cotter, Esq. (#9536)
**INDEGLIA & ASSOCIATES**
*Attorneys at Law*
300 Centerville Road
The Summit East, Suite 320
Warwick, RI 02886
(401) 886-9240
Fax: (401) 886-9241
vincent@indeglialaw.com
jaclyn.cotter@indeglialaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that, on this 11th day of January, 2021:

[ X] I electronically mailed or [ ] hand-delivered this document to the attorney for the opposing party and/or the opposing party if self-represented, whose name is:

Stephen Amitrano, *Pro Se*
358 Sandy Lane
Warwick, Rhode Island, 02889
stephenamitrano@gmail.com

                                              /s/ Jaclyn A. Cotter